IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PHILLIPPI S. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:07cv103-MEF-WC |
| | ) | |
| WASHINGTON D.C., | ) | |
| PRINCE GEORGE MARYLAND | ) | |
| MONTGOMERY CITY, AL., | ) | |
| EVERGREEN, AL. | ) | |
| PENSACOLA FLORIDA, AND THEIR | ) | |
| FRATERNAL ORDER OF POLICE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In his pro se complaint, the plaintiff brings suit against a variety of entities including the cities of Washington, D.C.; Prince George, Maryland; Montgomery, Alabama; Evergreen, Alabama; Pensacola, Florida; several police departments, the Fraternal Order of Police in various localities and Police Captain James Cullen ["Cullen"].  The plaintiff indicates that his claims are based on diversity of citizenship, and that his claims are pled under the following constitutional provisions and acts:  the Civil Rights Act of 1964, "42 U.S.C. 28 USC 1983, Rico Racketeer influenced and corrupt organization act, . . .42 U.S.C. 2680(H)- the Federal Acts to intentional torts by law enforcement persons," and the "First, Fifth, [and] Fourteenth Amendment[s] to the Constitution of these United States of America." (Doc. #1, p. 2)  In his prayer for relief, Mr. Lowe asks this Court for an award of damages in the amount of $50,000,000.00. (Doc. #1, p. 9)  This matter was referred to the undersigned United States Magistrate Judge for all pretrial

proceedings and entry of any orders or recommendations as may be appropriate. (Doc. #6) Upon review of the complaint, read liberally in favor of the plaintiff and accepting all allegations as true, this Court recommends that dismissal of this case is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

## I. DISCUSSION

A case may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii) *at any time*[1] if the court determines that the action is (i) frivolous, (ii) fails to state a claim on which relief may be granted or (iii) seeks monetary relief against a defendant who is immune from this relief.

    *A.    Frivolousness.*

Previously, plaintiff has made allegations against some or all of the instant defendants on

---

[1] "The Supreme Court in 28 U.S.C. § 1915(d) authorized courts to dismiss cases *sua sponte:* (i) 'claim[s] based on an indisputably meritless legal theory,' and (ii) 'those claims whose factual contentions are clearly baseless.' *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11 Cir.1990), quoting *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

"Subsequent to the *Neitzke* decision, *supra,* the Eleventh Circuit reviewed the law in this area in *Moreland v. Wharton,* 899 F.2d 1168 (11 Cir.1990). The Court, in *Moreland,* noted the following: 'D]rawing from his years of experience in reading complaints and living lawsuits from start to finish,' a district judge is uniquely qualified to decide the likelihood that a lawsuit will succeed on the merits. *Spencer v. Rhodes,* 656 F. Supp. 458, 461 (E.D.N.C.), *aff'd without opinion,* 826 F.2d 1061 (4th Cir.1987).

"*Moreland, supra* at 1170. The Eleventh Circuit went on to cite *Harris v. Menendez,* 817 F.2d 737, 740 (11 Cir.1987), a pre-*Neitzke* case, to reaffirm the proposition that even post-*Neitzke* a Court may dismiss a case after it has conducted a 'sufficient inquiry' to determine whether the plaintiff's realistic chances of ultimate success are slight. *Moreland, supra* at 1171.

"Thereafter, in *Clark v. State of Georgia Pardons and Paroles Board,* 915 F.2d 636 (11 Cir.1990), the Court not only restated the rule of *Moreland, supra,* but noted that even if the complaint states a cause of action, it can sometimes be frivolous within the meaning of 28 U.S.C. § 1915(d). *Id.,* at 639, citing *Harris v. Menendez,* 817 F.2d 737, 739-40 (11 Cir.1987). As examples, the Court noted that the obvious applicability of an affirmative defense such as absolute immunity, res judicata, collateral estoppel, and expiration of the statute of limitations, would all justify a § 1915(d) dismissal. *Clark, supra* at 640, n. 2." *Hudson v Officer D. NYE et.al.,* 2006 WL 2290505 (S.D.Fla.).

four previous occasions.² In each case, various cities and police departments have been accused of extortion, discrimination (*Lowe*, 2002, 2005, 2006, 2007), terrorism, (*Lowe*, 2002, 2007), murder (*Lowe,* 07cv29 (2007)), and a variety of other generalized claims. In each case, the complaints were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(i), (ii) and (iii), for a variety of reasons including failure to state a claim, immunity and frivolousness (*Lowe,* 2002); venue, failure to show state action required to support a claim under 42 U.S.C. § 1983 (*Lowe,* 2005); subject matter jurisdiction (*Lowe,* 2005, 2006)*;* and currently pending, along with the instant lawsuit, failure to state a claim under Fed.R.Civ.P. 12(b)(6). (*Lowe,* 07cv29 (2007))

What is made clear by a review of all of the previous complaints is that plaintiff Lowe has held longstanding grievances against various cities and their police departments, a certain individual (Officer Cullen), and the Fraternal Order of Police. The plaintiff has been put on notice that his pleading are insufficient on several occasions, and yet, he continues to make allegations–that vary in some respects from case to case– with similar defects in the pleadings. Given that Lowe has some familiarity with the judicial system, the present complaint can only be viewed as frivolous. However, to give claimant his "day in court" under these slightly different set of facts, this Court will, once again, enunciate a cogent basis for dismissal, only this time at the initiation of the Complaint before any further resources are spent by this Court.

    B.    *Failure to State a Claim.*

A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Rather,

---

²*See Lowe v State of Maryland, et al.,* 02cv234-MHT-CSC (2002); *Lowe v Smith, et al.,* 05cv1181-WKW-SRW (2005); *Lowe v Smith, et al.,* 06cv133-MEF-CSC (2006); *Lowe v Montgomery City of Alabama,* 07cv29-WKW-TFM (2007).

the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. *Id.* at 325; *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309 (11th Cir. 2002); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001). More specifically, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless." *Neitzke*, 490 U.S. at 327. The case should be dismissed when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25 (1992). Additionally, a case should be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. *Bilal*, 251 F.3d 1346 at 1349.

   For the same reason indicated in (*Lowe,* 07cv29 (2007)), Plaintiff's complaint fails under the requirements of Fed.R.Civ.P. 12(b)(6). Plaintiff's complaint is vague and conclusory with regard to (1) the involvement of the various defendants, (2) the alleged violations of various rights, civil or otherwise, and (3) any specific harm. If the pleadings are insufficient to meet the requirements of a well-pled complaint, Section 28 U.S.C. § 1915(e)(2)(B)(ii), allows this Court to dismiss plaintiff's case. This Court believe that the complaint should be dismissed on this ground for the following reasons.

  As to the parties, this Court first addresses the claims made against the various cities. Plaintiff alleges conspiracy (COUNT I), Mens Rea (COUNT II), malfeasance and malum in se (COUNT III), criminal coercion (COUNT IV) and malice aforethought (COUNT V). The plaintiff does not trace concrete and particularized interests that were violated by these cities, he simply states the names of the various parties, uses words that identify general legal principles, but does not establish each and every element of conspiracy, coercion, malice, etc. Plaintiff further does not show how, by and through these action, the various cities caused plaintiff harm.

  Plaintiff also mentions particular individuals, including"white racist Judges, Sam Welch,

and Jeff Brock of Evergreen Alabama," (Doc. #1, p. 3), and that they sold and evicted plaintiff from his house, *Id.,* but then never mentions either judge again in connection with any specific action in the complaint. He also mention "Police Capt. James Cullen," (Doc. #1, p. 4), but does not allege any exculpatory facts except to say that there was a "fight" between Cullen and "Plaintiff 15 year old black daughter." (Doc. #1, p. 2)  Plaintiff does not describe the incident surrounding the fight or why the plaintiff should be able to bring suit on behalf of his daughter. In addition, plaintiff daughter is not named as a plaintiff, or anywhere in the complaint. What's more, it is unclear where the alleged incidents between Cullen and plaintiff's daughter occurred, when it occurred, or how she incurred any particular harm as a result of the "fight."

Even as to the harm plaintiff describes in the complaint, it is generalized and non-particular.  Plaintiff indicates that, among other allegations, he was slandered, had emotional distress, personal suffering and that his freedom of action was restricted.  While all of these words indicate harm, plaintiff does not indicate how the harm was generated by the various cities, counties, organizations or by any individual named and/or listed in the complaint.  He apparently alleges actions were taken against him in the form of "well organized criminal act of terrorized on Plaintiff, his business using slander and etc. across state lines," (Doc. #1, p. 5), but again, does not assign these harms to any action by Cullen, but rather seem to lament that he was scourged by the cities and the "Fraternal Order of Police" as a result of the "fight" between his daughter and Cullen.  The complaint fails to allege any facts to prove what terrorism occurred, or what criminal acts occurred (except to say the Fraternal Order of Police "premeditated to commit murder," but not where or how), or even to allege the slandering words used.

"[M]ore than mere conclusory notice pleading is required . . . [A] complaint will be

5

dismissed as insufficient where the allegations it contains are vague and conclusory." *Washington v The United States of America,* 2006 WL 2523127 (M.D. Fla.), *citing Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). *See also, Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (Conclusory allegations and unwarranted deductions of fact are not admitted as true).

Particularly, in a § 1983 action, a plaintiff must allege and establish (1) that the defendants were acting under color of state law, (2) that the conduct deprived plaintiff of rights, privileges or immunities guaranteed under the Constitution or laws of the United States, and most importantly, (3) that there is an affirmative causal connection[3] between the defendants' conduct and the constitutional deprivation, and this plaintiff has not done. 42 U.S.C. § 1983; See also *Littell v. United States*, 191 F. Supp. 2d 1338, 1339 (D. Fla. 2002) (Plaintiff's 28 U.S.C. § 2680(h) tort action dismissed for failure to state a claim); *citing Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991).

Plaintiff states that his allegations are "Res Ipsa Loquitur [the thing speaks for itself]," (Doc. #1, p. 1), but in a complaint, what is being alleged does *not* speak for itself, it must be sufficiently pled so that it states a claim upon which relief may be granted. The plaintiff's

---

[3]In *Swint v. City of Wadley*, 51 F.3d 988, 999 (11th Cir. 1995), the Court stated: "Interpreting the Supreme Court's decision in *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976), this Court has observed that 'it is clear that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir.1982), cert. denied, 464 U.S. 932, 104 S. Ct. 335, 78 L. Ed. 2d 305 (1983)."

complaint does not meet this basic requirement. Where, as here, it is determined that no construction of the factual allegations of the complaint will support the cause of action, dismissal of the action is appropriate. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

  *C. City or Municipal Immunity*

  Plaintiff also alleges general allegations against the cities of Washington, D.C.; Prince George, Maryland; Montgomery, Alabama; Evergreen, Alabama; Pensacola, Florida; and, potentially, their respective police departments. (Doc. #1, p. 3-4) Under 28 U.S.C. § 1915(e)(2)(B)(iii), this Court may dismiss a case if the defendant seeks monetary relief against a defendant who is *immune* from such relief.

  A city or municipality may be sued under 42 U.S.C. § 1983 if the defendant can show (1) a constitutional violation, (2) that the moving force for the constitutional violation is an "official policy" or "custom" of the municipality or city, and (3) that these customs are "permanent and well settled" or "deeply embedded traditional ways of carrying out. . .policy" so as to have the "force of law." *Gilmere v. City of Atlanta, et al.,* 737 F.2d 894, 901-2 (11th Cir. 1984), *citing Monell v. Department of Social Services,* 436 U.S. 658 (1978);[4] *see also Hearn v. City of Gainesville,* 688 F.2d 1328 (11th Cir.1982); *Williams v. City of Valdosta,* 689 F.2d 964 (5th Cir.1980). General allegations that may lend themselves to an interpretation that there has been some administrative negligence by the city or municipality is not sufficient to state a

---

[4]*See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

constitutional cause of action under § 1983. *Gilmere,* at 901, *citing Rizzo v Goode,* 423 U.S. at 375. A single incident of constitutional deprivation does not suffice to create a policy or custom for purposes of § 1983 liability. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 813 (1985). In addition, a city may not be held liable under a theory of *respondeat superior* because it employs alleged tortfeasors (i.e. police officers). *Gilmere* at 902; *Davis v DeKalb County Sch. Dist.,* 233 F.2d 1367, 1375 (11th Cir. 2000).

Liberally construing plaintiff's complaint, it raises violations under the "First[5], Fifth[6] and Fourteenth[7] Amendments to the Constitution of these United States of America." (Doc. #1, p. 3) However, in the body of the complaint, plaintiff does not discuss any particular actions by the cities sufficient to show a violation of (1) speech or religion, or plaintiff's right to assemble (First Amendment), (2) nor does he show that he was deprived of life, liberty or property by the federal government (Fifth Amendment), or (3) by any state (Fourteenth Amendment). He further fails to

---

[5]The First Amendment reads: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S.C.A. Const Amend. I.

[6]The Fifth Amendment reads: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, with due process of law; nor shall private property be taken for public use, without just compensation." U.S.C.A. Const. Amend. V.

[7]The Fourteenth Amendment reads in pertinent part: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S.C.A. Const. Amend. XVII, Sec. 1.

allege that his perceived constitutional violations were born out of a permanent or deeply embedded city custom or policy. The only action described, still in very vague terms, is a "fight" between Cullen and plaintiff's daughter. A personal fight between Cullen and plaintiff's daughter cannot be construed as action done in accord with a well-settled custom or deeply embedded policy of any state. Therefore, each of the cities listed are immune from suit, and plaintiff's claims against them are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. The Fraternal Order of Police

Many of the general allegations of terror, death threats, slander, conspiracy (Counts I and III), coercion (Count IV), malice aforethought (Court V), and even attempts at murdering plaintiff (Count II), involve the Fraternal Order of Police. Counts VII through XII, are one-worded allegations against this same organization. The Fraternal Order of Police is a national labor organization, with union locals in various states. *Green v. City of Montgomery*, 792 F.Supp. 1238, 1255 (M.D.Ala.1992). To maintain a cause of action under 43 U.S.C. § 1983, the defendant must be "clothed with the authority of state law for its conduct to constitute state action." *Preston v. State of New York, et al.,* 223 F. Supp. 2d 452, 464 (S.D.N.Y. 2002), *citing West v. Atkins*, 487 U.S. 42, 49 (1988). Generally, private entities such as unions are not state actors and therefore do not act under color of law. *Hudson v. Chicago Teachers Union Local No. 1*, 743 F.2d 1187, 1190-91 (7 Cir.1984). Although acting in conspiracy with a state actor may extend liability under § 1983 to a non-state actor, the mere general allegation or averment of conspiracy without alleging facts which constitute such conspiracy is a conclusion of law and is insufficient to meet the requirements of a § 1983 claim. *Kalmanovitz v. G. Heileman Brewing Co., Inc.*, 595 F.Supp. 1385, 1400 (D. Del 1984), aff'd 769 F.2d 152 (3rd Cir. 1985).

Plaintiff does not allege a sufficiently close nexus or a symbiotic relationship such that it may be concluded from the pleadings that the Fraternal Order of Police was clothed with the authority of state law, or that it acted in conspiracy with a state actor. Thus, plaintiff's claims, even if pled with specificity,[8] cannot be brought against this organization under 43 U.S.C. § 1983, and is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Based on the foregoing, this Court concludes that Plaintiff's request for leave to proceed *in forma pauperis* is due to be granted, however, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED *sua sponte* without prejudice for the following reasons:

1. pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) on the grounds that the claim is frivolous;

2. pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the plaintiff's failure to state a claim on which relief may be granted; and

3. pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) on the basis of defendants' immunity from suit.

It is further

ORDERED that the parties shall file any objections to this Recommendation within thirteen business days, on or before **May 14, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The

---

[8] See Argument I(B), supra, p.3.

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

Done, this 17th day of April 2007.


/s/ Wallace Capel, Jr.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE